IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IVA LAVINE GOSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 16-68 |
| ) | |
| NANCY A. BERRYHILL,[1] ) | |
| ACTING COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Iva Lavine Goss ("Goss") brings this action seeking judicial review of the ALJ's decision denying a claim for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. § 1461 et seq. Goss applied for benefits on December 9, 2014 alleging a disability beginning on November 17, 2014. (R. 14) She appeared and testified at a September 29, 2015 hearing as did a vocational expert. The ALJ denied Goss' claim, finding her capable of light work with certain restrictions. (R. 20) Goss has appealed, challenging the ALJ's decision in several respects. Pending are Cross Motions for Summary Judgment. Docket no. 11 and Docket no. 14. After careful consideration, I find Goss' assertions to be unpersuasive. Consequently, the ALJ's decision is affirmed.

---

[1] Nancy A. Berryhill because acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

1

## Legal Analysis

1. <u>Standard of Review</u>

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

### 2. The Use of A Cane

Goss alleges that the ALJ failed to account for her need of a cane when formulating the residual functional capacity assessment ("RFC"). The vocational expert ("VE") testified that a hypothetical individual who had certain restrictions including the use of a cane when standing and walking would be considered only for sedentary work. (R. 64) But it does not necessarily follow that the ALJ erred in rejecting the VE's conclusion in this respect. Rather, the ALJ only had to accept the VE's testimony regarding the use of the cane and therefore incorporate it into restrictions set forth in the RFC if she found that Goss actually required the use of the cane. In fact, contrary to Goss' assertions, the ALJ explicitly considered and rejected such a finding. Her finding is, as detailed below, based upon substantial evidence of record:

> [t]he vocational expert also testified that an individual who needed a cane to stand and walk or could only occasionally finger and grasp would be limited to work at the sedentary exertional level. However, as discussed above, the undersigned notes that the claimant regained full strength in less than one month after her cerebrovascular accident, and the most recent medical evidence does not reveal any problems with ambulation or with fine, dexterous, or gross movements of her upper extremities. (Exhibits 18F, 19F, 21F and 22F).

(R. 31) The ALJ found persuasive the notation in the records that "her right hemibody strength had returned and that she had not had any stroke symptoms since being discharged from the hospital." (R. 25) Further, an examination revealed that Goss "was awake, alert, and oriented in three spheres, had no dysarthria, had fluent and appropriate speech, had normal facial symmetry, and elevated both upper extremities equally against gravity without difficulty." (R. 25) The ALJ also referenced a visit to Dr. Huckstein, her family physician three days later, during which Goss "walked with a cane but *had a normal gait.*" (R. 25) (emphasis added). A subsequent progress note from Dr.

Huckstein makes no mention of the "use of any assistive device," but does observe Goss' "normal gait." (R. 25) Consequently, the ALJ found that "the claimant regained full strength in less than one month after her cerebrovascular accident, and the most recent medical evidence does not reveal any problems with ambulation or with fine, dexterous, or gross movements of the upper body." (R. 26)

Significantly, Goss is unable to point to any place in the records where a physician prescribed the cane or otherwise indicated that the cane was medically necessary.[2] At most, the medical records simply note Goss' use of the cane.[3] However, "a medical source does not transform the claimant's subjective complaints into objective findings simply by recording them …." *Hatton v. Comm'r. of Soc. Sec.*, 131 Fed. Appx. 877, 879 (3d Cir. 2005) (citations omitted). Social Security Ruling ("SSR") 96-9P, 1996 WL 374185 requires ALJs to address only "medically necessary" hand-held assistive devices for purposes of formulating a RFC:

> [t]o find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information).

SSR 96-9P, 1996 WL 374185.

---

[2] Goss also references her own testimony regarding the use of a cane. See ECF docket no. 12, p. 4. However the ALJ found Goss' statement concerning the intensity, persistence and functionally limiting effects of the pain to lack credibility. (R. 21) Goss does not challenge the ALJ's credibility findings on appeal. Therefore, the issue of credibility is not before me.

[3] In a Discharge Summary Report dated 6/29/15 Dr. Hussein notes "[t]he patient needs cane for ambulation." (R. 559) It is unclear whether Dr. Hussein is recording Goss' comments or making his own pronouncement. If the latter, the ALJ's reliance upon subsequent documentation (as set forth above) indicating that Goss had recovered from her stroke and did not need a cane, is supported by substantial evidence of record.

4

In sum, Goss has not identified anything in the record indicating that a physician or other medical professional described the use of a cane as "medically necessary." As such, the ALJ's formulation of the RFC was entirely appropriate and without error.

### 3. The RFC Assessment

Goss contends, in the alternative, that the jobs identified by the VE are facially inconsistent with the RFC actually used by the ALJ. See Docket no. 12, p. 9. The RFC limits Goss to light work with certain exceptions, including a prohibition against overhead reaching. Goss cites to Dictionary of Occupational Titles ("DOT") and its companion publication, the Selected Characteristics of Occupations ("SCO"), in support of the contention that the positions of garment sorter, folder and produce weigher all require frequent overhead reaching. See SSR00-4P, 2000 WL 1898704. Goss insists that the ALJ did not resolve this inconsistency.

I turn to SSR00-4P for guidance. It provides that:

> Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between the VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether a claimant is disabled. *At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency. Neither the DOT nor the VE or VS evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testing rather than on the DOT information.*

See SSR 00-4P, 2000 WL 1898704 (emphasis added). SSR 00-4P also explains that a "reasonable explanation for a conflict or apparent conflict, which may produce a basis for relying on "the evidence from the vocational expert, rather than the DOT information, exists where "[t]he DOT lists maximum requirements of occupations as generally

5

performed, not the range of requirements a particular job as it is performed in specific settings.' A VE, VS or other reliable source of occupational information may be able to provide more specific information about jobs or occupations than the DOT." *Tudi v. Colvin*, Civ. No. 13-1423, 2014 WL 2860642 at * 4 (W.D. Pa. June 23, 2014), *quoting* SSR 00-4P, 2000 WL 1898704.

Consequently, after thorough review, I find that there was no inconsistency or conflict between the RFC as formulated by the ALJ and the DOT descriptions of the jobs as more fully detailed in the SCO. Here, the ALJ's hypothetical question to the VE accurately identified Goss' limitations with respect to reaching. Consequently, the vocational expert had this information in hand when he responded that Goss could perform the tasks of garment sorter, folder and produce weigher. *See Tudi*, 2014 WL 2860642 at * 5, *citing, Wheeler v. Apfel*, 224 F.3d 891, 897 (8th Cir. 2000 (finding no conflict between the DOT and the vocational expert's testimony when the ALJ explicitly detailed the claimant's limitations in the hypothetical). Additionally, the ALJ specifically asked the VE at the hearing whether his testimony was consistent with the information contained in the DOT. (R. 64) The VE responded that it was. (R. 64) Consequently, the ALJ was entitled to rely upon the VE's testimony. *Id., citing, Green v. Astrue*, Civ. No. 10-468, 2010 WL 4929082 at * 6 (W.D. Pa. Nov. 30, 2010) and *Gibbons v. Barnhart*, 85 Fed. Appx. 88 (10th Cir. 2003) (stating that "[t]he vocational expert specifically testified that the limitations of simple reading and writing were consistent with the jobs he identified and "once the VE stated that he was relying on the DOT, the ALJ had no further duty to investigate.") Consequently I reject Goss' contention that the RFC provides a basis for reversal or remand.

### 4. New Evidence

Finally, Goss urges that the newly submitted record of orthopedist Dr. Torretti[4] satisfies the requirements of 42 U.S.C. § 405(g).[5] If a claimant proffers evidence that was not previously presented to the ALJ, then a district court may remand pursuant to Sentence Six of 42 U.S.C. § 405(g), but only when the evidence is new and material and supported by a demonstration of good cause for not having submitted the evidence before the ALJ's decision. *Matthews v. Apfel*, 239 F.3d 589, 591-93 (3d Cir. 2001) (Sentence Six review), *citing, Subzak v. Sec. of HHS*, 745 F.2d 831, 833 (3d Cir. 1984). The Third Circuit Court explained that:

> [a]s amended in 1980, § 405(g) now requires that to support a "new evidence" remand, the evidence must first be "new" and not merely cumulative of what is already in the record. Second, the evidence must be "material"; it must be relevant and probative. Beyond that, the materiality standard requires that there be a reasonable possibility that the new evidence would have changed the Secretary's determination. An implicit materiality requirement is that the new evidence relates to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition. Finally, the claimant must demonstrate good cause for not having incorporated new evidence into the administrative record.

*Szubak*, 745 F.2d at 833 (citations omitted). All three requirements must be satisfied in order to justify a remand. *Id.*

---

[4] Dr. Torretti's treatment notes reveal an evaluation for back surgery following Goss' stroke. (R. 846) Dr. Torretti concluded "with the blood pressure changes associated with induction and emergence as well as blood loss that it would be unwise to proceed with any planned elective procedure." (R. 846)

[5] As stated above, the instant review of the ALJ's decision is not *de novo*. The ALJ's findings of fact are conclusive if supported by substantial evidence. *Matthews v. Eldridge*, 424 U.S. 319, 339 (1976); *Matthews v. Apfel*, 239 F.3d 589 (3d Cir. 2003), *citing Jones v. Sullivan*, 954 F.2d 125, 128 (3d Cir. 1991) (stating that, "evidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence."). My review of the ALJ's decision is limited to the evidence that was before him. *Id.*; 42 U.S.C. § 405(g). Therefore, in this case, pursuant to § 405(g), I cannot look at the post-decision evidence that was not first submitted to the ALJ in order to challenge the ALJ's decision.

After careful review, I find that Dr. Torretti's treatment notes do not satisfy this standard. I need only consider the requirement of "new evidence" "'Evidence is new if it was not and could not have been presented at the prior administrative hearing.'" *Morales v. Colvin*, Civ. No. 13-229J, 2015 WL 1507844 at * 3 (W.D. Pa. March 31, 2015), *quoting, DeMoss v. Hedder*, 706 F. Supp. 303, 308 (D. Del. 1988). In this case, the decision issued by the ALJ was dated October 28, 2015. (R. 32) The medical record at issue existed and was available prior to that date. (R. 846) Thus, based on the dates of the record, I find that it is not new. As such, I need not consider whether Goss has met the other requirements of materiality or "good cause." *See Matthews*, 239 F.3d at 591-93, *citing Szubak*, 745 F.2d at 833. See also Morales, 2015 WL 1507844 at * 3 (W.D. Pa. March 31, 2015) (finding, in part, that records that were created between the time of the hearing and the date the ALJ's decision was issued, did not qualify as "new" under § 405(g)).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IVA LAVINE GOSS, )
)
    Plaintiff, )
)
 -vs- ) Civil Action No. 16-68
)
NANCY A. BERRYHILL,[6] )
ACTING COMMISSIONER OF )
SOCIAL SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge.

## ORDER OF COURT

Therefore, this 23rd day of February, 2017, it is hereby ORDERED that the decision of the ALJ is affirmed. It is further ORDERED that Plaintiff's Motion for Summary Judgment (Docket no. 11) is denied and Defendant's Motion for Summary Judgment (Docket no. 14) is granted.

    BY THE COURT:

    /s/ Donetta W. Ambrose
    Donetta W. Ambrose
    United States Senior District Judge

---

[6] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017.